# AFFIDAVIT OF SPECIAL AGENT JASON J. DEFREITAS
## IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Jason J. DeFreitas, being duly sworn, hereby state the following:

1. I am a Special Agent with the Department of Homeland Security, United States Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), assigned to the Boston Field Office, and have been so employed since 2006. I am currently assigned to the Cyber Group. Prior to my assignment to the Boston Field Office, I was assigned to the HSI Los Angeles Field Office, where I served as a member of the Intellectual Property Rights Group. In connection with my official duties, I have investigated and assisted other agents in investigating cases involving a wide variety of criminal violations including, but not limited to, fraud, intellectual property rights, cultural property theft, and child pornography. Prior to my employment with HSI, I served as a United States Customs and Border Protection officer at the Los Angeles International Airport for approximately four years. My duties in that role included the interception and examination of individuals and merchandise for violations of United States laws.

## PURPOSE OF AFFIDAVIT

2. I submit this affidavit in support of a criminal complaint charging Rudy Frabizio ("FRABIZIO"), DOB xx/xx/1962, of Taunton, Massachusetts, with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

**STATEMENT OF PROBABLE CAUSE**

4.  On May 18, 2021, I obtained federal warrants authorizing the search of Rudy FRABIZIO's current residence in Taunton, Massachusetts, as well as of his person, for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A (21-4209-DHH and 21-4210-DHH).

5.  The evidence supporting HSI's investigation of FRABIZIO centered initially on a CyberTipline report[1] submitted by Google LLC ("Google") to the National Center for Missing and Exploited Children ("NCMEC") on or about May 7, 2020. The CyberTip indicated that a Google user with the account "frabdog2012@gmail.com" had utilized Google services to upload four files that had been flagged as suspected child exploitation material. I reviewed the files and believe that they do, in fact, contain child pornography, and HSI's further investigation connected internet activity relating to the files to the Comcast Communications account, assigned IP address, and residential address of FRABIZIO. Finally, I understand that, on or about April 1, 2009, FRABIZIO was convicted in the U.S. District Court for the District of Massachusetts of possession of child pornography, *see United States v. Rudy Frabizio*, Case No. 03-CR-10283-NG, and is currently registered with the Sex Offender Registry Board as a Level 2 sex offender.

6.  On May 19, 2021, at approximately 5:12 PM, HSI agents, with the assistance of local law enforcement, executed the search warrant at FRABIZIO's residence. FRABIZIO was

---

[1] NCMEC's CyberTipline serves as the national online clearinghouse for tips and leads about child sexual exploitation and is the method through which the public and Electronic Service Providers like Google may report crimes involving, among other things, the exploitation of children. When Google, sometimes through the use of specialized software, encounters a file suspected to contain child pornography, Google files a report with NCMEC in the form of a CyberTip.

present for the search, and a woman who identified herself as FRABIZIO's girlfriend arrived at approximately 5:35 PM.

7.      During the search of the residence, agents located a variety of electronic devices, including an LG cellphone, Model LGVS880; an LG tablet computer, Model LGVK810; and a 32 GB Kingston "microSD" memory card.[2]  The LG cellphone and LG tablet computer were located on the a shelf of a closet in the residence, concealed under one or more piles of men's clothes.  The Kingston microSD memory card was located on the same closet shelf, in a small wooden box, concealed by loose change.  The memory card bears markings indicating its place of manufacture as Taiwan.

8.      FRABIZIO was advised of and executed a written waiver of his rights pursuant to *Miranda* and agreed to speak with agents on scene.  The interview was recorded; all statements recounted herein are summary in nature unless indicated otherwise.

9.      During the interview, FRABIZIO confirmed that he owns the residence and that, except in rare circumstances, only he and his girlfriend stay there.  When asked about his electronic devices, FRABIZIO told agents that he had an Apple iPhone and an old LG cellphone; however, he did not mention the LG tablet computer or the Kingston microSD memory card.

10.     The woman who identified herself as FRABIZIO's girlfriend was interviewed by members of law enforcement.  She stated that she spends most nights at FRABIZIO's residence.  When asked about the LG tablet computer and the Kingston microSD memory card, she stated that she did not have any knowledge of the items and that they do not belong to her.

---

[2] A Micro Secure Digital card, or microSD card, is a very small removable memory card typically used in smartphones, tablets, and other portable devices.  A Micro SD card can be used to save and/or store electronic data and files, including documents, images, and videos.

11.     Agents conducted a preliminary forensic review of the Kingston microSD memory card, initially on scene and shortly thereafter at a location offsite.  During their review, agents observed approximately 465 files, including both images and videos, depicting apparent child pornography.  The files were located in folders off of the "root directory" of the memory card – that is, in folders that are visible to a user upon accessing the contents of the memory card.  Agents observed the following files stored on the memory card:[3]

    a.  In a folder entitled "LK", an image with the file name "1e3av27gf.jpg" – an image that depicts a prepubescent female estimated to be approximately 6-7 years old lying on her back on the floor.  The child's legs are spread open and a portion of the child's vagina is visible.  An adult erect penis is visible in close proximity to the child's face.  A handwritten sign can be seen by the child that states, "I [drawing of a heart] cum."

---

[3] To avoid unnecessary in-person interaction given the health concerns posed by the current pandemic, I am not providing a copy of these images to the Court.  I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals.  *United States v. Brunette*, 256 F.3d 14, 18-19 (1st Cir. 2001).  Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*).  The children described herein are, in two instances, no older than seven years old and, in one instance, an infant – in all events, younger than eighteen.  The descriptions of the files here are sufficiently specific as to the age and appearance of the alleged children as well as the nature of the sexual conduct pictured in each file that the Court need not view the files to find that they depict child pornography.  *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice is for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added).

   b. In a folder entitled "LK", an image with the file name "1nGll6nn_o.jpg" – an image that depicts a prepubescent female estimated to be approximately 5-7 years old, unclothed above the waist. The child is holding an adult erect penis.

   c. In a folder entitled "new", an image with the file name "th_02776_043_123_126lo.jpg" – an image of a person holding what appears to be the erect penis of a dog, while another person is holding a nude female estimated to be under one year old. The person holding the dog's penis appears to be placing the dog's penis on the child's vagina.

12. On the Kingston microSD memory card, agents also observed files that did not appear to contain child pornography, including a PDF copy of FRABIZIO's tax returns from 2018 and a document from Quicken Loans, also bearing FRABIZIO's name and identifying information.

13. Forensic review of the LG cellphone and LG tablet is ongoing.

## CONCLUSION

14. Based on all of the foregoing, I respectfully submit that there is probable cause to believe that on or about May 19, 2021, Rudy FRABIZIO knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and

shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury.

_____
JASON J. DEFREITAS
Special Agent, Homeland Security Investigations

Sworn to via telephone in accordance with
Fed. R. Crim. P. 4.1 on May _20, 2021.

_____
HON. MARIANNE B. BOWLER
United States Magistrate Judge